1  JUSTIN K. STRASSBURG (SBN 238504)
   STRASSBURG, GILMORE & WEI, LLP
2  1250 E. Walnut St., #136
   Pasadena, California 91106
3  Telephone: (626) 683-9933
   Facsimile:  (626) 683-9944
4
5  Attorneys for Plaintiff,
   SEAN PARK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PARK, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>LOVE CULTURE, INC., a California corporation, doing business as www.loveculture.com; and  DOES 1 through 10, inclusive,<br><br>   Defendants. | CASE NO.:  CV-13-07463<br><br>**COMPLAINT:**<br><br>1. **COPYRIGHT INFRINGMENT (17 U.S.C. § 501);**<br>2. **UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SEAN PARK (hereinafter referred to as "PARK" or "Plaintiff"), for his claims against Defendant LOVE CULTURE, INC. (hereinafter "LCULTURE"), respectfully alleges as follows:

## **JURISDICTION AND VENUE**

1. Plaintiff PARK files this civil action against Defendant LCULTURE seeking damages and injunctive relief for copyright infringement and related claims

1
**COMPLAINT**

1. under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and related claims of misappropriation and unfair competition under the laws of the State of California.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California for misappropriation and unfair competition in that they are so related to Plaintiff's claims under the Copyright Act as to be part of the same case or controversy and derive from a common nucleus of operative facts.

3. On information and belief, the Court has personal jurisdiction over Defendant LCULTURE because Defendant regularly and systematically does business within this judicial district and did so in connection with the acts and omissions alleged herein, and therefore is subject to personal jurisdiction in this district; and because a substantial part of the alleged acts and omissions in creating, marketing, producing, selling, and/or distributing the infringing products gives rise to the claims for the copyright infringement at issue herein.  Further, Defendant LCULTURE solicits, transacts, and is doing business within the State of California through its website at www.loveculture.com and its California retail locations.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(b)(3), 1391(c), 1391(d), and 1400(a) as the claims asserted arise in this district and Defendant LCULTURE is subject to personal jurisdiction in this district.

## THE PARTIES

5. Plaintiff SEAN PARK is an individual who resides in Los Angeles, California and operates J.S. Park Creative, Inc.  Plaintiff PARK is the copyright holder of federally registered copyright VA 1-859-817.

6. Upon information and belief, Defendant LOVE CULTURE, INC., is a corporation organized and existing under the laws of the State of California with an

office and principal place of business at 2423 East 23rd Street, Los Angeles, California 90058.

7. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate, and/or partnership entities, names herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff PARK is the copyright holder of federally registered copyright VA 1-859-817, which includes design VP4834 (hereinafter the "Elephant Design"). Plaintiff PARK is also the owner and operator of J.S. Park Creative, Inc., the only authorized retailer that sells clothing with the authorized use of the Elephant Design on its articles of clothing.

10. The Elephant Design was first used in commerce as early as September

28, 2012, and was registered with the United States Copyright Office on March 11, 2013. Exhibit A is a true and complete copy of Plaintiff PARK's Certificate of Registration of registered copyright VA 1-859-817.

11. The Elephant Design depicts an elephant standing erect and facing forward. Every inch of the surface area of the elephant's skin is covered with unique and intricate designs consisting of numerous shapes, including but not limited to, triangles, diamonds, flowers, and other tribal inspired designs. Exhibit B is a true and complete copy of the Elephant Design VP4834.

12. Upon information and belief, Defendant LCULTURE is a specialty retail chain store that sells women's clothing and accessories in the United States. As of 2013, it is believed that Defendant LCULTURE operated approximately 69 retail stores, including eighteen (18) stores within the State of California. Defendant also sells and ships its clothing and accessories nationwide through its website www.loveculture.com.

13. On or about July of 2013, clothing bearing counterfeit reproductions of the Elephant Design was discovered for sale at one of Defendant LCULTURE's California retail stores. The counterfeit reproduction of the Elephant Design was found on a "baby pink" colored top described as style number TP7760-ELEP. Defendant LCULTURE originally sold said article of clothing for $12.95 each. Exhibit C is a true and correct copy of a photograph of the front of the "baby pink" top, style number TP7760-ELEP and the sales tag.

14. On or about October of 2013, it was discovered that clothing bearing counterfeit reproductions of the Elephant Design were discovered for sale at www.loveculture.com. The counterfeit reproductions of the Elephant Design were found on at least seven (7) different styles of clothing for sale.

15. The first counterfeit reproduction discovered at www.loveculture.com was found on a black colored top described as "Psychedelic Tribal Elephant Tee,"

style number 100006586.  Defendant LCULTURE originally sold said article of clothing for $17.95 each.  Exhibit D is a true and correct copy of a screen shot of the "Psychedelic Tribal Elephant Tee," style number 100006586 for sale at www.loveculture.com.

16. The second counterfeit reproduction discovered at www.loveculture.com was found on a "taupe" colored top described as "Psychedelic Tribal Elephant Tee," style number 100006587.  Defendant LCULTURE originally sold said article of clothing for $17.95 each.  Exhibit E is a true and correct copy of a screen shot of the "Psychedelic Tribal Elephant Tee," style number 100006587 for sale at www.loveculture.com.

17. The third counterfeit reproduction discovered at www.loveculture.com was found on a "mocha" colored top described as "Elephant Shredded Muscle Tank," style number 1000014261.  Defendant LCULTURE originally sold said article of clothing for $11.95 each.  Exhibit F is a true and correct copy of a screen shot of the "Elephant Shredded Muscle Tank," style number 1000014261 for sale at loveculture.com.

18. The fourth counterfeit reproduction discovered at www.loveculture.com was found on a "taupe" colored dress described as "Elephant Back Knot Dress," style number 1000013436.  Defendant LCULTURE originally sold said article of clothing for $17.95.  Exhibit G is a true and correct copy of a screen shot of the "Elephant Back Knot Dress," style number 1000013436 for sale at www.loveculture.com.

19. The fifth counterfeit reproduction discovered at www.loveculture.com was found on a "heather grey" colored dress described as "Elephant Tee Dress," style number 1000011036.  Defendant LCULTURE originally sold said article of clothing for $13.95.  Exhibit H is a true and correct copy of a screen shot of the "Elephant Tee Dress," style number 1000011036 for sale at www.loveculture.com.

20. The sixth counterfeit reproduction discovered at www.loveculture.com

was found on a black colored top described as "Live Wild Cherry Celebrity Elephant Tank," style number 1000013595.  Defendant LCULTURE originally sold said article of clothing for $14.95.  Exhibit I is a true and correct copy of a screen shot of the "Live Wild Cherry Celebrity Elephant Tank," style number 1000013595 for sale at www.loveculture.com.

21.   Defendant LCULTURE was not authorized by Plaintiff to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing Plaintiff PARK's Elephant Design.

### FIRST CAUSE OF ACTION
(Federal Copyright Infringement – 17 U.S.C. § 501)

22.   Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

23.   At all times relevant hereto, Plaintiff PARK is and was the author of the Elephant Design and holder of Certificate of Registration Number VA 1-859-817 from the United States Copyright Office.

24.   Without authorization, Defendant LCULTURE and DOES 1 through 10, and each of them, reproduced and/or distributed Plaintiff PARK's owned and copyrighted Elephant Design VP4834, U.S. Copyright Registration Number VA 1-859-817, via the website address at www.loveculture.com operated by Defendant LCULTURE and the retail stores operated by Defendant LCULTURE in which the Elephant Design was included on at least seven (7) different styles of clothing for sale at Defendant LCULTURE's retail locations and/or through its website at www.loveculture.com, including but not limited to, the following:

(1) a "baby pink" colored top described as style number TP7760-ELEP;

(2) a black colored top described as "Psychedelic Tribal Elephant Tee," style number 100006586;

(3) a "taupe" colored top described as "Psychedelic Tribal Elephant Tee," style number 100006587;

(4) a "mocha" colored top described as "Elephant Shredded Muscle Tank," style number 1000014261;

(5) a "taupe" colored dress described as "Elephant Back Knot Dress," style number 1000013436;

(6) a "heather grey" colored dress described as "Elephant Tee Dress," style number 1000011036; and

(7) a black colored top described as "Live Wild Cherry Celebrity Elephant Tank," style number 1000013595.

25. The styles of clothing included in (2) through (5) above contain the exact image of Plaintiff PARK's Elephant Design on the fronts of the articles of clothing. The styles of clothing included in (1), (6), and (7) above contain Plaintiff PARK's Elephant Design with slight variations that would lead an average person to believe the designs originated from the same source.

26. Plaintiff PARK did not authorize Defendants' copying, displaying, distributing, and/or selling of his works. As such, Defendants willfully infringed upon Plaintiff's registered copyrights.

27. Defendants infringed upon the copyrights in Plaintiff's creative works by reproducing, distributing, and/or publicly displaying the works by and through Defendant LCULTURE's website and retail store locations without proper approval or authorization by Plaintiff.

28. Defendants knew the infringed work belonged to Plaintiff and that they did not have the permission or authorization of Plaintiff to use the Elephant Design.

29. Defendants knew their acts constituted copyright infringement.

30. Defendants' conduct was willful within the meaning of the Copyright Act.

1  31. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to, damage to his business reputation and goodwill.

32. Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

33. Plaintiff has no adequate remedy at law.

34. Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Elephant Design for any purpose and for damages suffered by reason of Defendants' wrongful manufacture, use, display, distribution, and/or sale of products using Plaintiff PARK's copyrighted Elephant Design.

35. Further, Plaintiff is entitled to recover damages, which include his losses and any and all profits Defendants have made as a result of their wrongful conduct under 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c)(2).

36. Moreover, Plaintiff is entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

(California Unfair Competition – Cal. Bus. & Prof. Code § 17200)

37. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

38. Plaintiff PARK owns and enjoys the rights to the copyrighted Elephant Design in California and throughout the United States.

39. Beginning on an exact date unknown to Plaintiff, Defendant LCULTURE and DOES 1 through 10, and each of them, engaged in unfair competition as defined in California Business and Professions Code § 17200.

40. Defendants unlawfully used Plaintiff PARK's Elephant Design without authorization for the purposes of selling the following styles of clothing:

(1) a "baby pink" colored top described as style number TP7760-ELEP;

(2) a black colored top described as "Psychedelic Tribal Elephant Tee," style number 100006586;

(3) a "taupe" colored top described as "Psychedelic Tribal Elephant Tee," style number 100006587;

(4) a "mocha" colored top described as "Elephant Shredded Muscle Tank," style number 1000014261;

(5) a "taupe" colored dress described as "Elephant Back Knot Dress," style number 1000013436;

(6) a "heather grey" colored dress described as "Elephant Tee Dress," style number 1000011036; and

(7) a black colored top described as "Live Wild Cherry Celebrity Elephant Tank," style number 1000013595.

41. The styles of clothing included in (2) through (5) above contain the exact image of Plaintiff PARK's Elephant Design on the fronts of the articles of clothing. The styles of clothing included in (1), (6), and (7) above contain Plaintiff PARK's Elephant Design with slight variations that would lead an average person to believe the designs originated from the same source.

41. Defendants' unauthorized use of the Elephant Design has caused and is likely to further cause confusion as to the source of the Elephant Design, all to the detriment of Plaintiff.

42 Defendants' acts are willful, deliberate, and intended to deceive members of the public by passing off Plaintiff PARK's Elephant Design as their own.

43. Defendants' acts constituted unfair competition under California Business and Professions Code § 17200.

44. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

45. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

46. Plaintiff has no adequate remedy at law.

47. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Elephant Design, and to recover all damages including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known but to be proven at trial, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN PARK respectfully prays for judgment against Defendants LOVE CULTURE, INC., and DOES 1 through 10, inclusive, as follows:

1. Granting temporary, preliminary, and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

   (a) Using the Elephant Design, or any other designs confusingly similar thereto, in connection with the manufacturing, distributing, advertising, offering for sale, and/or selling of merchandise;

   (b) Otherwise infringing upon Plaintiff SEAN PARK's copyrighted designs; and

1  (c) Unfairly competing with Plaintiff SEAN PARK.

2. Entering a judgment against Defendants that they have:

(a) Willfully infringed upon Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

(b) Willfully committed unfair competition and business practices by distributing, manufacturing, reproducing, offering for sale, and/or selling Plaintiff SEAN PARK's Elephant Design without his permission; and

(c) Otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

3. Ordering an accounting by Defendants of all gains, profits, and advantages derived from their wrongful acts;

4. Ordering Defendants to disgorge their profits;

5. Awarding Plaintiff SEAN PARK all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff SEAN PARK's copyrights;

8. Ordering Defendants to pay a civil penalty in the amount of two thousand five hundred dollars ($2,500) for each violation of California Business and Professions Code § 17200 as proven at trial, pursuant to California Business and Professions Code § 17206.

9. Awarding all actual, consequential, and incidental financial losses, including but not limited to, lost profits, according to proof, in a sum which exceeds the jurisdictional minimum of this Court, together with pre-judgment interest;

10. Awarding general damages against Defendants in a sum which exceeds the jurisdictional minimum of this Court, the exact amount of which will be proven at

trial;

11. Allowing Plaintiff to recover attorneys' fees and costs of suit pursuant to 17 U.S.C. § 504; and

12. For any other such other relief that the Court finds just and proper.

DATED:  October 8, 2013          STRASSBURG, GILMORE & WEI, LLP


By:_/s/ Justin K. Strassburg_
JUSTIN K. STRASSBURG
Attorneys for Plaintiff, SEAN PARK


### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.


DATED:  October 8, 2013          STRASSBURG, GILMORE & WEI, LLP


By:_/s/ Justin K. Strassburg_
JUSTIN K. STRASSBURG
Attorneys for Plaintiff, SEAN PARK